UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANCE MANUEL,

    Plaintiff,

v.                                                             Case No. 8:12-CV-365-T-17AEP

DEBBIE & BORIS TWILLMAN, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Proceeding *pro se*, Plaintiff has filed a complaint against various individuals, including a judge, a sheriff, and a detective, as well as various corporate and government entities, including the Florida Department of Tax Revenue, alleging his "family was oppressed" (Dkt. No. 1). Currently before the Court are Plaintiff's unsworn Affidavit of Indigency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*, and a "Motion for Special Attorney" (Dkt. No. 3) requesting the Court appoint Plaintiff an attorney. Pursuant to 28 U.S.C. § 1915, the Court may request an attorney to represent any person unable to afford counsel and may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1) and (e)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal

Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In reviewing the complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (citation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure.").

In the instant action, Plaintiff filed an incoherent complaint alleging, among other things, that he feels it is impossible to get a fair trial, people are lying, he stayed in jail for seven months, the judicial system in Polk County is broken, there is a murder that remains "up in the [a]ir," he and his family have been wronged by everybody, he was tricked by a judge, someone

inappropriately inherited a residence, and someone left the local geographic area because of the possibility of getting charged with murder (Dkt. No. 1). The complaint suffers from several deficiencies. To begin, the complaint fails to conform with Federal Rule of Civil Procedure 10, which requires Plaintiff state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, Plaintiff fails to set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," or "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Indeed, Plaintiff's complaint consists of a two-paragraph statement with two miscellaneous attachments, none of which clearly sets forth any ascertainable legal claims. From the minimal information provided, the Court cannot determine what claims Plaintiff seeks to assert or whether a basis exists for establishing the Court's jurisdiction. Further, the complaint fails to set forth any allegations concerning the vast majority of the purported Defendants. Even construing the sparse and disjointed facts liberally, it appears that amending the complaint would prove futile as Plaintiff cannot establish a basis for federal jurisdiction or a claim upon which relief may be granted. Accordingly, and after due consideration, it is **RECOMMENDED** that Plaintiff's construed motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**, Plaintiff's Motion for Special Attorney (Dkt. No. 3) be **DENIED**, and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida, this 24th day of February, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Elizabeth A. Kovachevich
Plaintiff, *pro se*